**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

UNITED STATES OF AMERICA

v.                        Case No. 6:13-cr-104-Orl-37TBS

RANDOLPH ST. GOURDIN

**ORDER**

This cause is before the Court on the following:

1. Motion to Suppress Statements and Derivative Evidence and Request for Hearing (Doc. 53), filed October 14, 2013;

2. Supplemental Memorandum in Support of Motion to Suppress Statements and Derivative Evidence (Doc. 56), filed October 21, 2013;

3. United States' Omnibus Response in Opposition to the Defendant's Motions Filed at Docs. 49, 52, and 53 (Doc. 58), filed October 21, 2013.

In this child pornography case, Defendant moved to suppress incriminating statements that he made during an unwarned interview, arguing that he was in custody at the time of the statements and that they were made involuntarily. (Docs. 53, 56.) The Government opposed. (Doc. 58.) The Court held a hearing on this matter on October 24, 2013. (*See* Doc. 55.)

Upon consideration of the briefing, evidence, and argument, the Court orally denied the motion to suppress at the hearing. *See United States v. Street*, 472 F.3d 1298, 1309 (11th Cir. 2006) (noting that pre-custodial questioning does not require *Miranda* warnings). The Court found that Defendant was not in custody at the time of his statements based on the totality of the circumstances, including the following facts:

Defendant left his workplace voluntarily; he was not touched or physically escorted to the agents' car; the agents never brandished their weapons; Defendant was not handcuffed or restrained; he got into the passenger seat of the car voluntarily; the car was unmarked; the car doors were unlocked; and at the end of the initial interview, Defendant readily offered to escort the agents back to his house and drove himself there in his own car. *See, e.g.*, *United States v. Paige*, 241 F. App'x 620, 622 (11th Cir. 2007) (finding no custody where the suspect voluntarily got into the officer's unmarked car to go to the police station, was not handcuffed, and was driven back home after the interview); *United States v. Moya*, 74 F.3d 1117, 1119 (11th Cir. 1996) (finding no custody where the suspect was not physically moved, handcuffed, or told he was under arrest, and the officer did not brandish a weapon or tell the suspect that he was not free to leave); *United States v. Phillips*, 812 F.2d 1355, 1360 (11th Cir. 1987) (finding no custody where the suspect was not placed under arrest or physically restrained in any way, even though the suspect's "common sense" told him that "it was a serious situation").

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Suppress Statements and Derivative Evidence and Request for Hearing (Doc. 53) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on October 24, 2013.

ROY B. DALTON JR.
United States District Judge

2

Copies:

Counsel of Record